## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**In re: Grand Soleil - Natchez, LLC,**           **Case No. 11-01632-NPO**

         **Debtor**                                              **Chapter 7**

## RESPONSE OF PETITIONING CREDITORS TO DEBTORS' MOTION TO REQUIRE BOND UNDER 11 U.S.C. §303(e) (DK # 35)

Good Hope Construction, LLC, Farmer Electrical Service Company, Inc. and Ketco, Inc. ("Petitioning Creditors"), by and through counsel, and for their response to Debtor's Motion to Require Bond Under 11 U.S.C. §303(3) (DK # 35) would show as follows:

1.      While Section 303(e) authorizes the Court, in the exercise of reasonable discretion, to require petitioning creditors to post a bond, it is first incumbent upon the moving debtor to first show "cause" why a bond is necessary. 11 U.S.C. §303(e). Here, a bond is not needed because: (1) there is no evidence that the involuntary petition was filed for any improper purpose - the filing was made in good faith by the Petitioning Creditors; and (2) the Debtor has offered no legitimate proof of any reasonably anticipated damage - the Debtor's primary asset is real estate as to which there has been no showing by the Debtor that the market value of the real estate will be negatively impacted in any significant amount if the Debtor is placed in bankruptcy. *See 2 Collier on Bankruptcy* ¶ 303.21 (Matthew Bender 16th ed.). The burden is on the Debtor to demonstrate the need for any security. *In re Dill*, 13 B.R. 9 (Bankr. D. Nev. 1981), *aff'd*

731 F.2d 629, 10 C.B.C.2d 1119 (9th Cir. 1984). "The debtor should indicate what business losses it may incur during and after the proceeding and provide the basis for the statement" and should provide calculations as to any costs alleged. *See 2 Collier on Bankruptcy* ¶ 303.21 (Matthew Bender 16th ed.).

### The Involuntary Petition Is Not Shown To Have Been Filed For Any Improper Purpose

2. There is no evidence to support an argument that the subject involuntary petition was filed for any improper purpose. To the contrary, as is shown by Petitioning Creditor's Response To Motion To Dismiss Petition For Involuntary Bankruptcy (DK # 39), there is ample evidence that the Involuntary Petition is filed for reasonable and legitimate business purposes on a proper showing that the creditors' claims are not contingent, not subject to any bona fide dispute, and that Debtor, Grand Soleil, is not generally paying its debts as they come due. Moreover, a number of courts have recognized a presumption that the petitioners in involuntary cases are acting in good faith. *In re Ransome Group Investors I, LP*, 423 B.R. 556 (Bankr. M.D. Fla. 2009), *In re CLE Corp.*, 50 B.R. 579, 583 (Bkrtcy. N. D. Ga. 1986). The Debtor cannot offer sufficient evidence to overcome a presumption of a good faith filing, much less, show that the subject involuntary petition was filed in bad faith. Accordingly, Debtor's motion for a bond should be denied.

**Debtor Offers No Proof Of Any Reasonably Anticipated Damage**

3. Debtor's motion should also be denied because Debtor has failed to make any showing as to the amount of any economic business loss Debtor alleges it will incur, if any, or how or why any such loss might result as a consequence of the filing of the involuntary petition. Debtor's primary asset is real estate as to which there has been no showing that the market value of the real estate will be negatively impacted in any significant amount if the Debtor is placed in bankruptcy. In *in re Dill*, the Nevada Bankruptcy Court declined to order a bond when real property was involved and the debtor made no showing that the value of the property was declining, or would decline. *In re Dill*, 13 B.R. 9 (Bankr. D. Nev. 1981), *aff'd* 731 F.2d 629, 10 C.B.C.2d 1119 (9th Cir. 1984).

Debtor's request for a bond in the amount of $250,000.00 is wholly unsupported. In the absence of some reasonable proof on which to base a calculation of alleged damages, Debtor's request for a bond should be denied.

WHEREFORE Debtor's Motion to Require Bond should be denied.

Respectfully submitted,

GOOD HOPE CONSTRUCTION, LLC;
FARMER ELECTRICAL SERVICE CORP.,
INC.; AND KETCO, INC. d/b/a KETCO ADV.
AND SPEC.

BY:    /s/ Jim F. Spencer, Jr.
       JIM F. SPENCER, JR.

OF COUNSEL:

JIM F. SPENCER, JR. (MSB # 7736)
LOUIS B. LANOUX (MSB # 8480)
WATKINS & EAGER PLLC
400 East Capitol Street
Suite 300, Emporium Building
Post Office Box 650
Jackson, Mississippi 39205
Tel:    (601) 965-1900
Fax:    (601) 965-1901

CERTIFICATE OF SERVICE

      I, JIM F. SPENCER, JR., one of the attorneys for the Petitioners, do hereby certify that I have this date caused to be electronically filed a true and correct copy of the above and foregoing document which electronically transmitted a true and correct copy of same to the following:

| | |
|---|---|
| L. Jackson Lazarus<br>P. O. Box 1286<br>Natchez, MS 39121-1286<br>jacklaz@cableone.net | Bruce M. Kuehnle, Jr.<br>Post Office Box 866<br>Natchez, MS 39121-0866<br>kuehnle@bellsouth.net |
| R. Kent Hudson<br>319 Main Street<br>Natchez, MS 39120<br><br>ATTORNEYS FOR ALLEGED<br>DEBTOR | Eileen N. Shaffer<br>P. O. Box 1177<br>Jackson, MS 39215-1177<br>enslaw@bellsouth.net<br><br>ATTORNEYS FOR UNITED<br>MISSISSIPPI BANK |

Henry G. Hobbs, Jr.
United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201-5022
USTPRegion05.JA.ECF@usdoj.gove

      This the 26th day of July, 2011.

                                  /s/ Jim F. Spencer, Jr.
                                JIM F. SPENCER, JR.